```
1    SEYFARTH SHAW LLP
     Brian P. Long (SBN 232746)
2    bplong@seyfarth.com
     601 South Figueroa Street, Suite 3300
3    Los Angeles, California 90017-5793
     Telephone:   (213) 270-9600
4    Facsimile:   (213) 270-9601

5    SEYFARTH SHAW LLP
     Michael Afar (SBN 298990)
6    mafar@seyfarth.com
     Sofya Perelshteyn (SBN 320931)
7    sperelshteyn@seyfarth.com
     2029 Century Park East, Suite 3500
8    Los Angeles, California 90067
     Telephone:   (310) 277-7200
9    Facsimile:   (310) 201-5219

10   Attorneys for Defendant
     HYATT CORPORATION
11   dba HYATT REGENCY SAN FRANCISCO AIRPORT

12   [Additional Counsel on Next Page]
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY YBARRA, an individual on behalf of himself and all others similarly situated, | Case No. 3:25-cv-04101-RFL |
| | **CLASS ACTION** |
| Plaintiff, | **JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | Date: February 11, 2026<br>Time: 10:00 a.m. |
| HYATT CORPORATION DBA HYATT REGENCY SAN FRANCISCO AIRPORT, a Delaware Corporation; and DOES 1 through 50, inclusive, | (San Mateo Superior Court, Case No. 25-CIV-01067) |
| Defendants. | Complaint Filed:   February 6, 2025 |

JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

323363244v.3

Natalie Haritoonian (SBN 324318)
n.haritoonian@d.law
Andrea A. Amaya Silva (SBN 348080)
a.amaya@d.law
450 N. Brand Blvd., Suite 840
Glendale, CA 91203
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiff
RICHARD ANTHONY YBARRA

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiff Richard Anthony Ybarra ("Plaintiff") and Defendant Hyatt Corporation dba Hyatt Regency San Francisco Airport ("Defendant") (collectively, the "Parties") hereby submit this Joint Initial Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, this Court's Standing Order for All Civil Cases, and the Clerk's Notice Setting Initial Case Management Conference (Dkt. 41).

Counsel for Plaintiff and counsel for Defendant previously met and conferred pursuant to Local Rule 16-9 and Fed. R. Civ. P. 26(f). The Parties submit this Joint Case Management Statement in advance of the Initial Case Management Conference set for February 11, 2026 at 10:00 a.m.

**I.       JURISDICTION AND SERVICE**

Defendant removed this action to federal court on May 12, 2025, pursuant to the Class Action Fairness Act ("CAFA") and federal question under the Labor Management Relations Act ("LMRA"). (Dkt. 1.)  The Parties do not dispute the Court's jurisdiction of this case.

**II.      FACTS**

**A.      Plaintiff's Facts**

Plaintiff filed his Class Action Complaint on February 6, 2025, alleging the following violations: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime Under Labor Code § 510; (3) Meal-Period Liability Under Labor Code § 226.7; (4) Rest-Break Liability Under Labor Code § 226.7; (5) Violation of Labor Code § 203; (6) Violation of Labor Code § 204; (7) Failure to Keep Required Payroll Records Under Labor Code §§ 1174 and 1174.5; (8) Failure to Reimburse Necessary Business Expenses Under Labor Code § 2802; and (9) Failure to Provide One Day's Rest in Seven Under Labor Code §§ 551 and 552; and (10) Violation of Business & Professions Code § 17200 et seq.

As pled in the Complaint, Plaintiff seeks to represent a putative class of all current and former non-exempt hourly California employees of Defendant.

Principally, Plaintiff asserts Class members were either not paid by Defendant for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Plaintiff alleges that Defendant required Employees to work pre-shift and post-shift off the clock work for which they were not compensated for despite being subject to Defendant's control. Further, Plaintiff alleges Defendant

unlawfully rounded hours worked to Employees' detriment and did not pay for on-call time. Moreover, Plaintiff alleges Defendant failed to provide meal and rest breaks, failed to timely pay wages including final wages, failed to maintain accurate records, and failed to reimburse necessary business expenses all in violation of various provisions of the California Labor Code and applicable Wage Orders. Plaintiff further contends that sufficient common questions predominate such that this case may be maintained as a class action.

On January 16, 2026, the Court granted Defendant's motion for judgment on the pleadings and dismissed Plaintiff's Second Cause of Action.

    **B.**    **Defendant's Facts**

Defendant denies Plaintiff's class allegations, denies that Plaintiff or the proposed class members suffered any damages, denies that Plaintiff or the proposed class is/are entitled to any relief, and denies that this case is suitable for class certification.

**III.**    **LEGAL ISSUES**

    **A.**    **Plaintiff's Legal Issues**

Plaintiff identifies the following preliminary legal issues:

    a.    whether Defendant's relevant wage and hour policies and practices comply with California law;

    b.    whether Defendant's properly compensated Plaintiff and the putative class members under California law;

    c.    whether the putative class should be certified under Rule 23;

    d.    whether Plaintiff, and any putative class action member, is entitled to recover any damages, penalties, or other remedies sought by Plaintiff; and

    e.    whether Plaintiff's claims are barred by Defendant's affirmative defenses.

    **B.**    **Defendant's Legal Issues**

Defendant answered the operative Complaint, and in answering, denied all the material allegations in the Complaint and asserted numerous affirmative defenses.

Defendant denies Plaintiff's class allegations, denies that Plaintiff or the proposed class members suffered any damages, denies that Plaintiff or the proposed class is/are entitled to any relief, and denies

2

1  that this case is suitable for class certification.  At all times, Defendant has maintained lawful policies,
2  which necessarily means that Plaintiff's claims would turn on individualized, fact-dependent inquiries
3  that predominate over any alleged common questions.  *See, e.g.*, *McLeod v. Michael's Stores, Inc.*, 2009
4  WL 10674458, at *5 (C.D. Cal. Dec. 15, 2009) (denying class certification; "[Defendant's] policy is also
5  facially valid. … This claim would also turn on individualized, fact-dependent inquiries; common, class-
6  wide questions do not predominate. All the case law militates in favor of denying class certification in
7  the face of a lawful policy.") (emphasis added); *Ramirez v. GEO Grp.*, 2019 WL 6782920, at *6 (S.D.
8  Cal. Dec. 11, 2019) (where the "policy is lawful on its face, any violation would have to be determined
9  on a case-by-case basis, which precludes certification on this issue").

## IV.   MOTIONS

### A.   Plaintiff's Anticipated Motions

No motions are pending at this time. Plaintiff currently anticipates filing a motion for class certification under Rule 23.

### B.   Defendant's Anticipated Motions

Defendant requests at least eight weeks to file its Opposition to any Motion for Class Certification, which will provide Defendant with the ability to take the depositions of individuals who provide declarations in support of Plaintiff's Motion and any expert depositions.  Defendant is willing to meet and confer with Plaintiff to reach a mutually agreeable briefing schedule for Plaintiff's Motion for Class Certification.

Defendant may file a Motion to Deny Class Certification or a Motion for Decertification. Defendant may also file a Motion for Summary Judgment or Partial Summary Judgment. Additionally, Defendant may also bring motions to compel, motions *in limine*, and a motion to bifurcate.

Defendant will also be filing a Motion for Sanctions pursuant to Fed. R. Civ. P. 11, in connection with Plaintiff's non-opposition to Defendant's Motion for Judgment on the Pleadings, after months of prolonged meet and confer and Plaintiff's ongoing and false intention to substantively oppose Defendant's motion.

/ / /

/ / /

V.   **AMENDMENT OF PLEADINGS**

   A.   **Plaintiff's Statement**

   Plaintiff does not currently anticipate adding any more claims, class representatives or naming any more defendants, although they respectfully reserve the right to do so if necessary or appropriate at a later stage of this case. Plaintiff is in the process of determining whether further Doe Defendants exist and will confer with Defendant's counsel as necessary.

   B.   **Defendant's Statement**

   Defendant does not anticipate amending its responsive pleading at this time.

VI.   **EVIDENCE PRESERVATION**

   The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

VII.   **DISCLOSURES**

   The Parties previously exchanged Initial Disclosures under Fed. R. Civ. P. 26(a).

VIII.   **DISCOVERY**

   A.   **Plaintiff's Discovery**

   Plaintiff has served discovery related to the relevant policies, practices and procedures of Defendant, including but not limited to, meal breaks, rest breaks, issuance of wage statements and payment of wages, including final wages. Plaintiff has also noticed the deposition of Defendant's person(s) most knowledgeable of the relevant policies, practices or procedures. Plaintiff will also seek discovery related to Defendant's affirmative defenses.

   B.   **Defendant's Discovery**

   Defendant currently intends to depose Plaintiff and any declarants used in support of Plaintiff's Motion for Class Certification. Defendant may also depose putative class members prior to the filing of any class certification motion. Therefore, Defendant may seek depositions of opt-in plaintiffs or

   ///

4

JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

323363244v.3

putative class members beyond the 10 depositions authorized by the Federal Rules of Civil Procedure. Should that need arise as the litigation progresses, Defendant will meet and confer with Plaintiff.

Defendant has propounded written discovery to Plaintiff, and may later propound additional written discovery requests. The scope and timing of additional discovery depends in large measure on whether the Court grants or denies Plaintiff's Motion for Class Certification.

Defendant is not aware of any issues relating to disclosure or discovery of electronically-stored information but will address any such issues in the event they arise.

The Parties agree that any inadvertent disclosures of attorney-client and/or work-product information will not constitute a waiver of such privilege or protection.

**IX.    CLASS ACTIONS**

    **A.    Plaintiff's Position**

Plaintiff maintains that he has presented certifiable issues of law and fact. This is a class action which is maintainable under FRCP 23(B)(3). Facts supporting this designation are available in Plaintiff's operative complaint. Plaintiff proposes numerous subclasses as well as a general class of employees of Defendant. Each subclass is characterized by persons who suffered a violation of the specific cause of action alleged in Plaintiff's operative complaint. These violations are the result of common practices which are existent. Plaintiff maintains that he is typical of the proposed classes. Given the purported size of this class, a class action is certainly the superior method of adjudication and public policy is certainly served.

    **B.    Defendant's Position**

Defendant maintains that Plaintiff cannot meet his burden of proving that a class can be maintained under Rule 23 of the Federal Rules of Civil Procedure.

Specifically, Defendant denies that there are common questions of law or fact or that such common questions predominate. Rather, Defendant asserts that the merits of Plaintiff's claims, as well as any purported damages, require an individualized inquiry into Plaintiff's and each proposed class member's particular circumstances, which precludes class certification.

///

1   Defendant further denies that Plaintiff's claims are typical of the proposed class.  Finally, Defendant denies that a class action is a superior method of adjudication and that public policy considerations are served by adjudicating this matter on a class-wide basis.

Before this case was transferred to this Court, the Court set the following class certification deadlines:

- June 5, 2026 – Motion for Class Certification filing deadline
- July 31, 2026 – Opposition to Motion for Class Certification filing deadline
- September 25, 2026 – Reply re Motion for Class Certification filing deadline

Defendant requests that these class certification deadlines remain in effect, as discovery has remained ongoing and there is no good cause to modify these dates.

Depending on the number of issues raised by Plaintiff in his Motion for Class Certification, Defendant also reserves its right to request relief from the page limit provided in Local Rules 7-2 and 7-3.

## X.   RELATED CASES

### A.   Plaintiff's Statement

On January 8, 2026, the Court deemed the *Hasty v, Hyatt Corporation* Case No. 25-cv-2662, which is currently pending in this Court, related to this matter.

### B.   Defendant's Statement

Defendant is not aware of any related cases at this time.  Should Defendant become aware of any related cases, it will file a Notice of Pendency of Other Action or Proceeding pursuant to Local Rule 3-13.

## XI.   RELIEF

### A.   Plaintiff's Position

Plaintiff seeks unpaid wages, premium wages, reimbursements of expenses, penalties, interest, attorneys' fees and costs on behalf of himself and the putative class.

/ / /

/ / /

/ / /

**B.     Defendant's Position**

Defendant denies Plaintiff's assertions and denies that Plaintiff or any putative class members are entitled to the relief sought in the operative Complaint or the Prayer, or any other relief sought whatsoever.

## XII.    SETTLEMENT AND ADR

The Parties have considered alternative dispute resolution options pursuant to Civil Local Rule 16-8 and ADR Local Rule 3-5.  The Parties filed their respective ADR Certifications on July 25, 2025 (Dkts. 18 and 19), indicating that the Parties intend to stipulate to an ADR process.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

This matter has been assigned to the District Judge.  The Parties decline to consent to have a Magistrate Judge conduct all further proceedings.

## XIV.   OTHER REFERENCES

The Parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  The Parties do not consent to the jurisdiction of a magistrate judge.

## XV.    NARROWING OF ISSUES

**A.     Plaintiff's Position**

At present, Plaintiff is unable to narrow any issues in this matter. However, Plaintiff agrees that as the case moves forward and discovery unfolds, Plaintiff will cooperate with Defendant to identify possibilities for narrowing of issues.

**B.     Defendant's Position**

Defendant believes that there may be dispositive or partially dispositive issues that can be narrowed in motions for summary judgment, and will meet and confer with Plaintiff regarding the narrowing of these issues at the appropriate time.

## XVI.   EXPEDITED TRIAL PROCEDURE

The Parties believe that this case is exempt from the Expedited Trial Procedure, given that it is being pursued as a class action.

///

**XVII. SCHEDULING**

Prior to reassignment, the Court set the following class certification deadlines:

- June 5, 2026 – Motion for Class Certification filing deadline
- July 31, 2026 – Opposition to Motion for Class Certification filing deadline
- September 25, 2026 – Reply re Motion for Class Certification filing deadline

Defendant requests that these class certification deadlines remain in effect.

**XVIII. TRIAL**

**A.    Plaintiff's Position**

Plaintiff demanded a jury trial in the Complaint. Plaintiff cannot reasonably estimate the length of trial until discovery unfolds, and the issues of class certification have been decided.

**B.    Defendant's Position**

Defendant contends that it is premature to estimate the amount of time needed for trial, because it is unclear which claims will proceed to trial on an individual basis or class action basis. If trial is limited to Plaintiff's individual claims, Defendant anticipates that trial would last approximately three days. However, if one or more claims are tried on a class action basis, Defendant believes it is possible that trial could last 30 days or more.

**XIX. DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On May 12, 2025, Defendant filed its Notice of Interested Parties, as required by Civil Local Rule 3-15. (See Dkt. No. 1-6.) To Defendant's knowledge, there are no non-party interested entities or persons that have a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

**XX.    PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | DATED: February 4, 2026 | Respectfully submitted, |
| 2 | | SEYFARTH SHAW LLP |
| 3 | | By: */s/ Sofya Perelshteyn* |
| 4 | |     Brian Long |
| 5 | |     Michael Afar |
| | |     Sofya Perelshteyn |
| 6 | | Attorneys for Defendant |
| | | HYATT CORPORATION |
| 7 | DATED: February 4, 2026 | Respectfully submitted, |
| 8 | | D.LAW, INC |
| 9 | | By: */s/ Andrea A. Amaya Silva* |
| 10 | |     Natalie Haritoonian |
| | |     Andrea A. Amaya Silva |
| 11 | | Attorneys for Plaintiff |
| | | RICHARD ANTHONY YBARRA |

9

JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

323363244v.3