UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY YBARRA,<br><br>Plaintiff,<br><br>v.<br><br>HYATT CORPORATION,<br><br>Defendant. | Case No. 25-cv-04101-RFL<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 44 |

Before the Court is Defendant Hyatt Corporation's motion for sanctions under Federal Rule of Civil Procedure 11. (Dkt. No. 44.) In response, Plaintiff Richard Ybarra argues that he should be awarded attorneys' fees for the time spent responding to Hyatt's motion. For the reasons that follow, Hyatt's motion and Ybarra's request for attorneys' fees are both **DENIED**. This order assumes the parties' familiarity with the facts of the case, the applicable legal standards, and both sides' arguments.

Hyatt's motion is denied because it was filed in violation of Rule 11's safe harbor provision, which requires that a moving party "serve its Rule 11 motion . . . [and] allow the plaintiff[] at least twenty-one days to retract the offending pleading [or claim] before filing the motion with the court." *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788–89 (9th Cir. 2001) (citing Fed. R. Civ. P. 11(c)(1)(A)). Hyatt does not contest that it failed to heed this requirement. Instead, it argues that the provision was not implicated here because there was allegedly nothing for Ybarra to correct or retract given his refusal to dismiss his overtime claim. (Dkt. No. 48 at 6–7.) The safe harbor provision is strictly construed and applied in light of its purpose: "to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to

1

withdraw the offending pleading *and thereby escape sanctions.*"  *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original).  By filing its sanctions motion without first serving it on Ybarra twenty-one days before filing it, Hyatt did not give Ybarra the opportunity to escape sanctions, which he could have done by agreeing to dismiss the claim at an earlier point in the litigation.  *See id*.  Accordingly, the motion for sanctions is denied.  The Court also denies Hyatt's request that the Court issue sanctions under its own authority pursuant to Rule 11 or 28 U.S.C. § 1927 or under its inherent authority (Dkt. No. 48 at 7), which was raised for the first time on reply.  *See United States v. Patterson*, 230 F.3d 1168, 1172 n.3 (9th Cir. 2000).

Ybarra's request for attorneys' fees is denied.  Although Hyatt's motion failed to satisfy Rule 11's safe harbor provision, there is no indication that Hyatt "should have been aware that its request was untimely" given that its sincerely held position that the provision was inapplicable based on the specific conduct it believed was sanctionable.  *Netbula, LLC v. Bindview Dev. Corp.*, No. C-06-0711 MJJ (EMC), 2007 WL 1694820, at *3 (N.D. Cal. June 11, 2007), *adopted*, No. C06-0711 MJJ (EMC), 2007 WL 2298624 (N.D. Cal. Aug. 6, 2007).  The Court therefore concludes that awarding Ybarra attorneys' fees is not warranted.

**IT IS SO ORDERED.**

Dated: April 10, 2026

_____
RITA F. LIN
United States District Judge