UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY YBARRA,<br>Plaintiff,<br>v.<br>HYATT CORPORATION,<br>Defendant. | Case No. 25-cv-04101-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 55 |

Plaintiff Richard Anthony Ybarra seeks leave to file an amended complaint in this putative wage and hour class action against Defendant Hyatt Corporation. Ybarra seeks to add: (1) Allison Castro as a named plaintiff; (2) an inaccurate and incomplete wage statement claim in violation of Labor Code § 226(a); (3) a cause of action for penalties under the Private Attorneys General Act ("PAGA"), Labor Code § 2698 *et seq.*; and (4) allegations regarding off-the-clock bag checks and COVID-19 screenings. Hyatt does not oppose the addition of Castro as a named plaintiff or the addition of Castro's timely wage statement and PAGA claims. (*See* Dkt. No. 57 at 6 (all citations to ECF pagination).) The Motion for Leave is therefore **GRANTED** as to those proposed amendments. Because Ybarra has not shown good cause as to the remaining amendments, the Motion for Leave is otherwise **DENIED**.

This case was removed to federal court on May 12, 2025. (*See* Dkt. No. 1.) On August 26, 2025, the then-assigned judge set a September 26, 2025 deadline to add parties and amend pleadings. (Dkt. No. 22.) Almost 11 months after the amended pleadings deadline, on August 21, 2026, Ybarra filed his Motion for Leave. (*See* Dkt. No. 55.) Although the case was reassigned in the interim, the reassignment order stated that briefing schedules and "[o]ther

deadlines such as those for ADR compliance and discovery cutoff also remain unchanged." (Dkt. No. 37.) The September 26, 2025 deadline therefore remained in force following reassignment, and Ybarra filed his Motion for Leave many months after that deadline had passed.

When a party seeks to amend after the court-set deadline, they must show "good cause" under Federal Rule of Civil Procedure 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16. Rule 16 "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* Ybarra has not shown this requisite diligence.

First, Ybarra does not claim diligence as to his Section 226 claim. (*See* Dkt. No. 58 at 3–4.) Nor does he explain why he waited to bring this claim, despite having long had access to the allegedly inaccurate wage statements. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Castro may bring a Section 226 claim pursuant to Hyatt's non-opposition, but the limitations period applicable to her claim must be assessed based on the date of amendment. Although Castro's "claim arises from the same general transaction" as Ybarra's other wage and hour claims, "it would not rely on all the same facts and evidence." *Echlin v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018). As shown in the proposed amended complaint, this claim requires additional factual allegations about the wage statements provided. (*See* Dkt. No. 55-3 at 10.) Separate wage statement evidence would also be needed to prove this claim at trial. Since "an amendment will not relate back where the amended complaint had to include additional facts to support the new claim," Castro's Section 226 claim cannot relate back to the date of Ybarra's initial filing. *Echlin*, 887 F.3d at 978 (citation modified).

Second, as to the PAGA claim, the parties agree that the complaint may be amended to add Castro's "PAGA claim measured from her own administrative exhaustion in this action."

(Dkt. 57 at 6; *see also* Dkt. No. 58 at 6 ("Plaintiff does not seek to have Castro's PAGA claim deemed filed on the date of the original Complaint.").) That restriction on the scope of permitted amendment is appropriate. Castro's PAGA claim does not relate back to the original complaint. "PAGA notice is a condition precedent to filing suit." *Moreno v. Autozone, Inc.*, No. C05-04432 MJJ, 2007 WL 1650942, at *4 (N.D. Cal. June 5, 2007); *see also Mazzei v. Regal Ent. Grp.*, No. SACV 13-1284, 2013 WL 6633079, at *5 (C.D. Cal. Dec. 13, 2013) ("A later amendment cannot retroactively bestow administrative compliance that did not exist when the plaintiff filed the initial complaint."). Since PAGA notice had not been given before Ybarra filed his initial complaint, Castro's PAGA claim cannot relate back to the date of Ybarra's filing. The complaint may thus be amended to add Castro's PAGA claim so long as the claim is limited to the appropriate time periods justified by Castro's exhaustion.

Finally, as to the bag and COVID checks, Ybarra argues that he was not personally employed when these checks were in place and was therefore unaware of them until Castro filed her Labor & Workforce Development Agency letter. (*See* Dkt. No. 58 at 4.) Even assuming that sufficiently justified some delay, Castro sent her letter on April 8, 2026. (Dkt. No. 55 at 3.) Ybarra still waited over four months after to seek amendment, and he offers no justification for that four-month delay in bringing his own such claim. Ybarra has therefore failed to show good cause under Rule 16. As to Castro, amendment regarding the bag and COVID checks is futile. The bag and COVID checks are alleged to have been required from "approximately March 2020 to approximately 2022." (Dkt. No. 55-2 ¶ 13.) *See* Cal. Civ. Proc. Code § 338(a); Cal. Lab. Code § 203 (providing three-year statute of limitations for California wage and hour causes of action.) Castro does not contend that she has a basis to toll the statute of limitations to allow her to sue in 2026, other than to relate back to a claim by Ybarra, which cannot be asserted for the reasons noted above.

In sum, Ybarra may amend to add Castro as a named plaintiff and to add PAGA and Section 226(a) claims on Castro's behalf, to the extent that they are not time-barred and are appropriately time-limited. Ybarra's Motion for Leave is otherwise denied. If Ybarra still

chooses to amend, he must file an amended complaint that complies with this Order, by November 6, 2026. Hyatt's response to the amended complaint, if one is filed, is due by November 20, 2026.

**IT IS SO ORDERED.**

Dated: October 30, 2026

RITA F. LIN
United States District Judge