**D.LAW, INC.**
Natalie Haritoonian (SBN 324318)
n.haritoonian@d.law
Andrea A. Amaya Silva (SBN 348080)
a.amaya@d.law
250 N. Madison Ave., 2nd Floor
Pasadena, CA 91101
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiff RICHARD ANTHONY YBARRA and ALLISON CASTRO, on behalf of themselves and others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

RICHARD ANTHONY YBARRA, and ALLISON CASTRO, individuals on behalf of themselves, and all others similarly situated,

Plaintiffs,

vs.

HYATT CORPORATION dba HYATT REGENCY SAN FRANCISCO AIRPORT, a Delaware Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 3:25-cv-04101-RFL

<u>CLASS ACTION</u>

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;
2. Failure to Pay Wages and Overtime Under Labor Code § 510;
3. Meal Period Liability Under Labor Code § 226.7;
4. Rest-Break Liability Under Labor Code § 226.7;
5. Violation of Labor Code § 203;
6. Violation of Labor Code § 204;
7. Failure to Keep Required Payroll Records under Labor Code §§ 1174 and 1174.5;
8. Failure to Reimburse Necessary Business Expenses § 2802;
9. Failure to Provide One Day's Rest in Seven Under Labor Code §§ 551 and 552;
10. Violation of Business & Professions Code § 17200 *et seq*.;
11. Violation of Labor Code § 226(a); and
12. Penalties under PAGA, Labor Code § 2698

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiffs RICHARD ANTHONY YBARRA ("Plaintiff YBARRA"), and ALLISON CASTRO ("Plaintiff CASTRO") bring this action on behalf of themselves and the Class Members who are defined as "all current and former employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees by Defendant HYATT CORPORATION dba HYATT REGENCY SAN FRANCISCO AIRPORT, a Delaware Corporation ("Defendant Hyatt") and/or DOES 1 through 50, inclusive" (all Defendants being collectively referred to herein as "Defendants").

2. Plaintiffs allege that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and the California Business & Professions Code, and seeks redress for these violations.

3. Upon information and belief, Plaintiffs were employed by Defendants and (1) shared similar job duties and responsibilities; (2) were subjected to the same policies and practices; and (3) endured similar violations at the hands of Defendants as the other Class Members who served in similar and related positions.

## THE PARTIES

### A. The Plaintiffs

4. Plaintiff RICHARD ANTHONY YBARRA resides in California, during the time period relevant to this Complaint, and was employed by Defendants as a non-exempt hourly employee within the State of California.

5. Plaintiff ALLISON CASTRO resides in California, during the time period relevant to this Complaint, and was employed by Defendants as a non-exempt hourly employee within the State of California.

### B. The Defendants

6. Defendant Hyatt is a Delaware Corporation with its principal place of business in Chicago, Illinois and is registered with the California Secretary of State. Defendant Hyatt has been the employer listed on the wage statements and employment records issued to Plaintiffs during the relevant time period that Plaintiffs were employed with Defendants. Defendant Hyatt employs

Plaintiffs and the Class Members in California, including at Defendants' offices and facilities in Burlingame, California, and throughout California, and conducts business throughout California.

7. The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and believe and thereon allege that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

8. Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Class Members. Defendants, and each of them, exercised control over the wages, hours or working conditions of Class Members, or suffered or permitted Class Members to work, or engaged, thereby creating a common law employment relationship, with Class Members. Therefore, Defendants, and each of them, employed or jointly employed Class Members.

9. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

10. Whenever and wherever reference is made to individuals who are not named as a Defendant in this Complaint but were agents, servants, employees and/or supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope of their employment.

///

///

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought as a Class Action on behalf of similarly situated Class Members of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred in part in San Mateo County. Defendants maintain and operate facilities in San Mateo County and employs Plaintiff and other Class Members in San Mateo County, while doing business throughout California.

## FACTUAL BACKGROUND

12. Class Members consistently worked at Defendants behest without being paid all wages due. Class Members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Plaintiffs also contend that Defendants failed to pay Class Members all wages due and owing, including by requiring off the clock work, unlawfully rounding to their detriment, failing to provide meal and rest breaks, failing to furnish accurate wage statements, failing to timely pay wages including final wages, failing to maintain accurate records, failing to provide sufficient compensation for on-call time, failing to provide one day's rest in seven and failing to reimburse necessary business expenses all in violation of various provisions of the California Labor Code and applicable Wage Orders.

13. During the course of Class Members' employment with Defendants, Class Members were not paid all wages they were owed. Class Members were required to perform pre-shift and post-shift off the clock work which they were not compensated for despite being subject to Defendants' control. Specifically, Class Members were required to put on their uniforms before clocking in and would require Class Members to take off their uniforms after clocking out. Additionally, Class Members were required to assist hotel guests and/or other employees prior to clocking in for their scheduled shift. Moreover, Class Members were required to wait in line to clock in. Class Members were also required to work through portions of their meal periods while they were off the clock and were not paid for this time. Defendants also contacted Class Members on

their personal cell phones with work demands outside of scheduled work hours, and Class Members were not paid for this time.

14. Moreover, Defendants had a consistent policy and practice of unlawfully rounding hours worked to the detriment of the Class Members. Rather than paying Class Members for all hours and minutes they actually worked, Defendants followed a uniform policy and practice of rounding all time entries to the nearest quarter-hour or half-hour (i.e. to the nearest 15-minute or 30-minute time increment), and generally did so to the detriment of the Class Members, and Plaintiffs contend this policy is not neutral and resulted, over time, to the detriment of the Class Members by systematically under-compensating them. Rather than reflecting the actual hours worked by Class Members, the time entries were rounded and reduced to reflect the scheduled work time rather than the actual hours worked. These unlawfully rounded time entries were inputted into Defendants' payroll system from which wage statements and payroll checks were created.

15. Defendants also failed to pay Class Members all wages due and owing because Defendants failed to pay for on-call time. Specifically, Defendants would contact Plaintiffs and inform them that they were short staffed, and they needed to come into work immediately. Plaintiffs had to immediately report to work and were not paid on-call pay. Upon information and belief, Class Members were also required to be on-call and were not compensated for on-call pay.

16. By implementing policies, programs, practices, procedures and protocols which resulted in off the clock work and unlawful rounding, Defendants' willful actions resulted in the systematic underpayment of wages to Class Members, including underpayment of overtime pay to Class Members over the relevant time period. For example, the above described off the clock work caused Plaintiffs and Class Members to begin receiving overtime pay later than they should have.

17. As a result of the above-described requirements to work off the clock and unlawful rounding, Class Members were not properly paid all wages earned and all wages owed to them by Defendants, including when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week.

18. As a result of Defendants' unlawful policies and practices, Class Members incurred overtime hours worked for which they were not adequately and completely compensated, in addition

to the hours they were required to work off the clock. To the extent applicable, Defendants also failed to pay Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code and applicable IWC Wage Orders.

19. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Class Members for all hours worked, and failing to pay minimum wages for all time worked, as required by California law. Defendants thus failed to pay Class Members at least minimum wages for all the time they worked for Defendants in violation of the Labor Code and applicable IWC Wage Orders as the actual times when Class Members were under the control and direction of Defendants was under reported in the hours reflected on the timekeeping records. Furthermore, Defendants' willful actions resulted in the systematic underpayment of wages to Class Members, including underpayment of overtime pay to Class Members over a period of time.

20. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Class Members for all hours worked. Also, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants also had a consistent policy or practice of failing to pay Class Members their true and correct overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders.

21. Additionally, Defendants failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to Class Members, as required by the applicable Wage Order and Labor Code. Class Members were required to perform work as ordered by Defendants for more than five (5) hours during a shift but were often required to do so without receiving a lawful and timely meal break. In addition to untimely meal periods, Defendants also required Class Members to respond to work demands. Defendants placed their needs over Class

Members lawful meal and rest breaks, and this resulted in Class Members often having to work through their scheduled meal and/or rest breaks, or otherwise taking shortened ones, because the demands of the job would not avail them the opportunity to take a lawfully uninterrupted and off duty meal and/or rest break. Additionally, to the extent Class Members were permitted to take meal periods, they were not permitted to leave the premises, and were required to carry walkie-talkies and respond to work demands.

22. On the occasions when Class Members worked over 10 hours in a shift, Defendants also failed to provide them with a second, uninterrupted, timely and duty-free meal period. As a result, Defendants' failure to provide Class Members with all legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is and will be evidenced by Defendants' business records, or lack thereof. Defendants also failed to pay Class Members "premium pay," i.e. one hour of wages at each Class Member's effective hourly rate of pay, for each meal period or rest break that Defendants failed to provide or deficiently provided.

23. Therefore, for at least four years prior to the filing of this action and through the present, Defendants have regularly required Class Members to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes, and shifts in excess of (10) hours without providing them with second meal periods of not less than thirty minutes; nor did Defendants pay Class Members "premium pay," i.e. one hour of wages at each Class Member's effective hourly rate of pay, for each meal period that Defendants failed to provide or deficiently provided.

24. Meal period violations thus occurred in one or more of the following manners:

(a) Class Members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(b) Class Members were not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;

(c) Class Members were required to work through at least part of their daily meal period(s);

(d) Meal periods were provided after five (5) hours of continuous work during a shift; and

(e) Class Members were restricted in their ability to take a full thirty-minute meal period.

25. Class Members were also not authorized and permitted to take lawful rest periods, were systematically required by Defendants to work through or during breaks and were not provided with one (1) hour's wages in lieu thereof. Class Members were restricted in their ability to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods. Therefore, from at least four years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Class Members with paid rest breaks of not less than ten minutes for every work period of four or more consecutive hours; or major fraction thereof, nor did Defendant pay Class Members premium pay for each day on which requisite rest breaks were not provided or were deficiently provided. Moreover, to the extent Class Members were permitted to take rest breaks, they were not permitted to leave the premises, and were required to carry walkie-talkies and respond to work demands.

26. Rest period violations therefore arose in one or more of the following manners:

(a) Class Members were required to work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(b) Class Members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof; and

(c) Class Members were required to remain on-duty during rest periods or otherwise had their rest periods interrupted by work demands.

27. Defendants also consistently failed to issue accurate itemized wage statements as required by <u>Labor Code</u> § 226(a). Specifically, the wage statements given to Class Members failed

to accurately account for unpaid wages and overtime because Defendants under-reported Class Members' actual hours worked due to the off the clock work. Additionally, the wage statements given to Class Members failed to accurately account for premium pay for deficiently provided meal periods and rest breaks.

28. From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have thus also had a consistent policy of failing to pay all wages owed to Class Members at the time of their termination or within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws. Specifically, Class Members were not paid all regular and overtime wages because Defendants failed to pay for all hours worked by requiring off the clock work, and by unlawfully rounding to the detriment of Class Members. Additionally, Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

29. Moreover, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants knew or should have known that employees were entitled to one day's rest in seven. In violation of the California Labor Code, Defendants required Class Members to work more than six consecutive days without a day of rest, where the total hours worked exceeded 30 hours in any week or six hours in any one day thereof.

30. Additionally, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Plaintiffs to incur business expenses in the course of performing their required job duties for Defendants, including for cell phone and mileage expenses and for the purchase of tools and equipment. Upon information and belief, Class Members incurred similar costs. These expenses incurred by Plaintiffs and Class Members were necessary and required of them in performing their assigned job duties, but Defendants failed to reimburse Plaintiffs and Class Members for all such necessary expenditures, thus entitling them to reimbursement according to proof as required under Labor Code § 2802 and the applicable provisions of the IWC Wage Orders.

///

31. In light of the foregoing, Plaintiffs and Class Members bring this action pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 227.3, 510, 512, 551, 552, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698 *et seq.,* 2802, 2927 and California Code of Regulations, Title 8, section 11000 *et seq*.

32. Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Plaintiffs and the Class Members seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code and the other unfair, unlawful, or fraudulent practices alleged in this Complaint.

## CLASS ALLEGATIONS

33. Plaintiffs seek to represent the Subclasses composed of and defined as follows:

a. Subclass 1. Minimum Wages Subclass. All Class Members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b. Subclass 2. Wages and Overtime Subclass. All Class Members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c. Subclass 3. Meal Period Subclass. All Class Members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Class Member's regular rate of pay in lieu thereof.

d. Subclass 4. Rest Break Subclass. All Class Members who were subject to Defendants' policy and/or practice of failing to authorize and permit Class Members to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Class Member's regular rate of pay in lieu thereof.

e. Subclass 5. Wage Statement Subclass. All Class Members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

f. Subclass 6. Termination Pay Subclass. All Class Members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

g. Subclass 7: Failure to Timely Pay Wages Twice Monthly Subclass. All Class Members who were subject to Defendants' policy and practice of not timely paying all wages earned when they were due and payable at least twice monthly.

h. Subclass 8. Payroll Records Subclass. All Class Members who were subject to Defendants' policy and/or practice of failing to keep accurate time and wage records as required by California wage-and-hour laws.

i. Subclass 9. Expense Reimbursement Subclass. All Class Members who incurred necessary and reasonable expenses in connection with performing their job duties for Defendant and who were subject to a policy and/or practice under which such expenses were not reimbursed.

j. Subclass 10. Failure to Provide One Day of Rest in Seven. All Class Members who were subject to Defendants policy of scheduling Class Members to work six (6) or more hours per day and more than seven (7) consecutive days in a workweek.

k. Subclass 11. UCL Subclass. All Class Members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

34. Plaintiffs reserves the right under California Rule of Court 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

35. Defendants, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby Defendants failed to correctly calculate compensation for the time worked by Class Members, even though Defendants enjoyed the benefit of this work, required Class Members to perform this work and permitted or suffered to permit this work. Defendants have uniformly denied these Class Members wages to which these employees are entitled and failed to provide meal periods or authorize and permit rest periods, in order to unfairly cheat the competition and unlawfully profit.

36. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in litigation and proposed class is easily ascertainable.

**A. Numerosity**

37. The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been determined at this time, Plaintiffs are informed and believe that Defendants employ or, during the time period relevant to this lawsuit, employed hundreds of employees who satisfy the Class definition within the State of California.

38. Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiffs allege that Defendants' employment records will provide information as to the number and location of all Class Members.

**B. Commonality**

39. There are questions of law and fact common to the Class that predominates over any questions affecting only individual Class Members. These common questions of law and fact include:

a. Whether Defendants failed to pay Class Members minimum wages;

b. Whether Defendants failed to pay Class Members wages for all hours worked;

c. Whether Defendants failed to pay Class Members overtime as required under Labor Code § 510;

d. Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Class Members with requisite meal periods or premium pay in lieu thereof;

e. Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to authorize and permit Class Members to take requisite rest breaks or provide premium pay in lieu thereof;

f. Whether Defendants violated Labor Code § 226(a) by providing Class Members with inaccurate wage statements;

g. Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

h. Whether Defendants' conduct was willful;

i. Whether Defendants violated Labor Code § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

j. Whether Defendants violated Labor Code § 1194 by failing to compensate all Class Members during the relevant time period for all hours worked, whether regular or overtime;

k. Whether Defendants violated Labor Code § 204 by failing to timely pay wages;

l. Whether Defendants violated Labor Code §§ 551 and 552 by failing to provide one day's rest in seven;

m. Whether Defendants violated Labor Code § 2802 by failing to reimburse all necessary business expenses Defendants required them to incur in performing their job duties;

n. Whether Defendants violated Business and Professions Code § 17200 *et seq.*;

o. Whether Class Members are entitled to equitable relief pursuant to Business and Professions Code § 17200 *et seq.*; and

p. Whether Defendants are liable for penalties under Labor Code § 2699, *et seq.*

**C. Typicality**

40. The claims of the named Plaintiffs are typical of those of Class Members. The Class Members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D. Adequacy of Representation**

41. Plaintiffs will fairly and adequately represent and protect the interest of the Class Members. Counsel who represents Class Members are experienced and competent in litigating employment class actions.

**E. Superiority of Class Action**

42. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to all Class Members predominate over any questions affecting only individual Class Members. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Class Members properly.

43. As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class Members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class Members. Further, as the economic or other loss suffered by vast numbers of Class Members may be relatively small, the expense and burden of individual actions makes it difficult for the Class Members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Class Members to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

44. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties in managing this case that should preclude class treatment. Plaintiffs contemplate the eventual issuance of notice to the proposed Class Members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required, additional media and/or mailings can be used.

45. Defendants, as prospective and actual employers of the Class Members, had a special fiduciary duty to disclose to prospective Class Members the true facts surrounding Defendants' pay

practices, policies and working conditions imposed upon Class Members as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on Class Members.

46. Class Members did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiffs' and the Class's waiver of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiffs and the Class Members discovered their claims.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

47. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

48. Defendants failed to pay Class Members minimum wages for all hours worked. Defendants had a consistent policy of misstating Class Members' time records and failing to pay Class Members for all hours worked. Class Members would work hours and not receive wages, including as alleged above in connection with off the clock work and unlawful rounding of hours. Defendants, and each of them, have intentionally and improperly changed, adjusted and/or modified the hours of Class Members, which resulted in off the clock work and underpayment of all wages owed to Class Members over a period of time, while benefiting Defendants. During the relevant time period, Defendants thus regularly failed to pay minimum wages to Class Members, to their detriment. Additionally, Defendants had a consistent policy of failing to pay Class Members for hours worked during alleged meal and rest periods for which Class Members were consistently denied, as also addressed herein. Defendants' uniform pattern of unlawful wage and hour practices

manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Class Members as to minimum wage pay.

49. In California, employees must be paid at least the then applicable state minimum wage for all hours worked. (IWC Wage Order MW-2014). Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

50. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

51. The applicable minimum wages fixed by the commission for work during the relevant period is found in Paragraph 4(A)-4(D) of the IWC Wage Orders.

52. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

53. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

54. In committing these violations of the California Labor Code, Defendants inaccurately recorded, or required Class Members to input times that did not reflect their actual hours worked, or calculated the correct time worked and consequently underpaid the actual time worked by Class Members. Defendants acted in an illegal attempt to avoid the payment of all earned

wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendant also failed to timely pay all wages earned in accordance with California Labor Code § 1194.

55. California Labor Code § 1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

56. In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197.1, Class Members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

57. Pursuant to California Labor Code § 1194.2, Class Members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

58. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Class Members.

59. Wherefore, Class Members are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a). Plaintiffs and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code, including § 558, and/or other applicable statutes.

///

///

///

///

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510

## (Against All Defendants)

60. Plaintiffs re-allege and incorporates all preceding paragraphs, as though set forth in full herein.

61. California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Division of Labor Standards and Enforcement.

62. By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Class Members: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek.

63. Defendants had a consistent policy of not paying Class Members wages for all hours worked, including by requiring off the clock work, and unlawfully rounding down actual hours worked as addressed above. Defendants, and each of them, have intentionally and improperly rounded, changed, adjusted, and/or modified certain employees' hours, including Plaintiffs', in order to avoid paying Class Members all earned and owed straight time and overtime wages and other benefits, in violation of the California Labor Code, the California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Class Members to work through portions of their meal period. Therefore, Class Members were not properly compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a given day, and/or forty hours

in a given week. Based on information and belief, Defendants did not make available to Class Members a reasonable protocol for correcting time records when Class Members worked overtime hours or to fix incorrect time entries or those that Defendants unlawfully rounded to the Class Members' detriment.

64. Defendants' failure to pay Class Members the unpaid balance of regular wages owed and overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

65. Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiffs and the Class Members seek the remedies set forth in Labor Code § 558.

66. Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Class Members. Each such failure to make a timely payment of compensation to Class Members constitutes a separate violation of California Labor Code § 204.

67. Class Members have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

///

68. Consequently, pursuant to the California Labor Code, including Labor Code §§ 204, 510, 558, and 1194, and the applicable IWC Wage Order, paragraph 3(A) and 4(B), Defendants are liable to Class Members for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

**THIRD CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

69. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

70. Class Members regularly worked shifts greater than five (5) hours and in some instances, greater than ten (10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

71. Defendants failed to provide Class Members with meal periods as required under the Labor Code. Defendants placed their needs over Class Members lawful meal breaks and this resulted in Class Members consistently having to work through their scheduled meal breaks because the demands of the job would not avail them the opportunity to take a lawfully uninterrupted and off-duty meal break. Furthermore, upon information and belief, on the occasions when Class Members worked more than ten (10) hours in a given shift, they did so without receiving a second uninterrupted thirty (30) minute meal period as required by law. Additionally, to the extent Class Members were permitted to take meal periods, they were not permitted to leave the premises, and were required to carry walkie-talkies and respond to work demands.

72. Defendants thus failed to provide Class Members with meal periods as required by the Labor Code, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during

breaks.

73. Moreover, Defendants failed to compensate Class Members for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraph 11 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed to compensate Class Members for each meal period not provided or inadequately provided, as required under Labor Code § 226.7.

74. Therefore, pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, paragraph 11, Class Members are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and other statutes.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

75. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

76. Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours.

77. Class Members consistently worked consecutive four (4) hour shifts and were generally scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and permit them to take rest periods. Pursuant to the Labor Code and the applicable IWC Wage Order, Class Members were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, and Defendants failed to provide Class Members with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift. Defendants placed their needs over Class Members lawful rest breaks, and this resulted in Class Members consistently

having to work through their scheduled rest breaks because the demands of the job would not avail them the opportunity to take a lawfully uninterrupted and off-duty rest break. Thus, Class Members were consistently denied their rest breaks. Additionally, to the extent Class Members were permitted to take rest breaks, they were not permitted to leave the premises, and were required to carry walkie-talkies and respond to work demands.

78. Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

79. Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Class Members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

80. Defendants failed to authorize and permit Class Members to take rest periods, as required by the Labor Code. Moreover, Defendants did not compensate Class Members with an additional hour of pay at each Class Member's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7.

81. Therefore, pursuant to Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders, Class Members are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

///

///

///

///

///

///

///

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(Against All Defendants)**

82. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

83. Numerous Class Members are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

84. Defendants failed to pay these Class Members all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

85. The wages withheld from these Class Members by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment.

86. Defendants failed to pay Class Members without abatement, all wages as defined by applicable California law. Class Members were not paid all regular and overtime wages because Defendants unlawfully rounded hours worked to the detriment of Class Members and failed to pay for all hours worked by requiring off the clock work. Additionally, Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

87. Defendants' failure to pay wages, as alleged entitles these Class Members to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

///

///

///

///

///

///

///

**SIXTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 204**

**(Against All Defendants)**

88. Plaintiffs re-allege and incorporates all preceding paragraphs, as though set forth in full herein.

89. Labor Code § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." As detailed above, Defendants maintained a consistently applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. Defendants similarly failed to pay all wages earned by not more than seven calendar days following the close of the payroll period. These failures all arose from Defendants' failure to pay for all hours worked, as detailed above.

90. All wages due and owing to Plaintiffs and the Class Members, including as required under Labor Code § 510, were therefore not timely paid by Defendants, as addressed in detail above. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each Class Member in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages or commissions to which he or she was entitled.

91. Defendants thus violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code, as addressed above. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll

period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiffs and the Class Members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

92. As a result of the unlawful acts of Defendants, Plaintiffs and Class Members seek to represent they have been deprived of wages in amounts to be determined at trial, and they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 210, 218.5, 1194 and 1198, and paragraphs 4(B) and 20 of the applicable IWC Wage Orders.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS UNDER LABOR CODE § 1174 AND 1174.5**

**(Against All Defendants)**

93. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

94. California Labor Code § 1174 requires that all employers shall keep accurate time and wage records for all employees. California Labor Code § 1174.5 further requires that any employee suffering injury due to a willful violation of the aforementioned obligations may seek damages, including civil penalties, from the employer.

95. During the course of Plaintiffs' and Class Members' employment, Defendants consistently failed to maintain accurate time and wage records for Plaintiffs and Class Members as required by California Labor Code § 1174 by failing to pay Plaintiffs and Class Members proper wages, overtime, and premium pay as discussed above.

96. Accordingly, Defendants are liable for civil penalties pursuant to the California Labor Code § 1174.5 for the three (3) years prior to the filing of this Complaint.

///

///

## EIGHTH CAUSE OF ACTION

## REIMBURSEMENT OF NECESSARY EXPENDITURES UNDER LABOR CODE § 2802

## (Against All Defendants)

97. Plaintiffs re-allege and incorporate all preceding paragraphs as though set forth in full herein.

98. Under Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

99. Defendants have regularly required Plaintiffs to incur business expenses in the course of performing their required job duties for Defendants including for cell phone and mileage expenses and for the purchase of tools and equipment. Upon information and belief, Class Members incurred similar costs. These expenses incurred by Plaintiffs and Class Members were necessary and required of them in performing their assigned job duties, but Defendants failed to reimburse Plaintiffs and Class Members for all such necessary expenditures. Class Members were not reimbursed for those lawful and necessary work related expenses or losses incurred in direct discharge of their job duties during their employment with Defendants and at the direction of the Defendants pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

100. As a result of the unlawful acts of Defendants, Class Members have been deprived of reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

## NINTH CAUSE OF ACTION

## FAILURE TO PROVIDE ONE DAY'S REST IN SEVEN UNDER LABOR CODE §§ 551 and 552

## (Against All Defendants)

101. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

102. At all relevant times herein, Labor Code § 551 provides that every person employed in any occupation of labor is entitled to one day's rest in seven. Additionally, Labor Code § 552

prohibits employers from requiring employees to work more than six consecutive days without a day of rest.

103. At all relevant times herein set forth, Labor Code § 556 exempts an employer from the day-of-rest requirement when the total hours worked by an employee do not exceed 30 hours in any week or six hours in any one day thereof.

104. Labor Code § 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid.... (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid...." Labor Code § 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

105. During the relevant time period, on information and belief, Defendants sometimes scheduled Class Members to work six (6) or more hours per day and more than seven (7) consecutive days in a workweek. Because Class Members worked over 30 hours per week and over six (6) hours per day in a workweek, they were not exempt from the day-of-rest requirement. To the extent that Class Members may have signed purported waivers of their right to a day's rest in seven, such waivers are invalid.

106. Thus, during the relevant time period, and in violation of Labor Code § 551 and 552, Defendants willfully caused Class Members to work more than six days in seven. Class Members are therefore entitled to recover civil penalties pursuant to Labor Code § 558.

///

///

///

///

///

///

**TENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

107. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

108. Plaintiffs, on behalf of themselves, Class Members, and the general public, bring this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Class Members and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

109. Plaintiffs are a "person" within the meaning of Business & Professions Code § 17204, have suffered an injury, and therefore have standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

110. Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Class Members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

111. Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum

labor standards.

112. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiffs, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

113. Defendants' conduct, as alleged above, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq*.

114. Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 *et seq*.

115. By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California and federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor Code including Sections 203, 204, 226, 226.7, 512, 1194, 1197, and 1198, for which this Court should issue declaratory and other equitable relief pursuant to California Business & Professions Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

116. As a proximate result of the above-mentioned acts of Defendants, Class Members have been damaged, in a sum to be proven at trial.

117. Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Class Members to the money Defendants have unlawfully failed to

pay.

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226(a)

(Against All Defendants)

118. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

119. California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

120. Defendants failed to provide Class Members with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements given to Class Members failed to accurately account for unpaid wages and overtime because Defendants under-reported Class Members' actual hours worked due to off the clock work. Additionally, the wage statements given to Class Members failed to accurately account for premium pay for deficiently provided meal periods and rest breaks.

121. Throughout the liability period, Defendants intentionally failed to furnish to Class Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226, amongst other statutory

requirements. Defendants knowingly and intentionally failed to provide Class Members with such timely and accurate wage and hour statements.

122. Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the accurate wage and hour statements as required by law and are presumed to have suffered injury and be entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide wage statements with accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

123. Therefore, as a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Class Members suffered injuries, including among other things confusion over whether they received all wages owed to them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

124. Pursuant to Labor Code §§ 226(a) and 226(e) and 1174, and the applicable IWC Wage Order, paragraph 7(B), Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

///

**TWELFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 2698, ET SEQ**

(Against All Defendants)

125. Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

126. Plaintiffs and the Employees in the Class are also Class Members as defined under Labor Code § 2699(c) in that they suffered the violations alleged in this Complaint and either were or are employed by the alleged violators, Defendants, during the relevant time period ("Class Members").

127. In failing to pay Class Members minimum wages and overtime, not providing proper meal and rest periods, failing to provide accurate wage statements, and failing to pay Employees upon termination or timely upon resignation, all discussed above, Defendants failed to timely pay Class Members wages on a semimonthly basis as required under Labor Code § 204. Defendants also failed to maintain records showing accurate hours worked and the wages paid to Class Members, as required by Labor Code § 1174 and paragraph 7 of the applicable IWC Wage Orders.

128. As such, Employees seek wages and penalties under Labor Code §§ 2698 and 2699 for Defendants' violation of Labor Code provisions included under Labor Code 2699.5, including the penalty provisions, without limitation, based, inter alia, on the following California Labor Code sections: 201, 202, 203, 204, 210, 226, 226(b), 226.3, 226.7, 227.3, 510, 512, 551, 552, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, 2802, 2926, 2927, *et seq.*

129. More specifically, after complying with the notice procedures of Labor Code § 2699.3, Plaintiffs assert, as a representative action on behalf of the California Attorney General and other similarly Class Members, a PAGA claim for violations of the above addressed underlying claims and seeking penalties as specified by the applicable corresponding provisions, including as follows:

(a) Wage Claims: For failure to provide Plaintiffs and the Class Members all earned regular pay and minimum wages for regular hours worked and for failure to pay overtime premium wages for overtime hours worked under Labor Code §§ 226.2, 510, 1194(a), 1197, and 1198, and

paragraphs 2(K), 3(A), 4(A), 4(B) and 20 of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable, and wages, under Labor Code §§ 510, 558, 1194.2, 1197.1, 1199, 2699(f)(2), and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

(b) Meal and Rest Period Claims: For failure to provide Plaintiffs and the Class Members off-duty, timely, and unpaid meal periods and failure to authorize and permit them to take off-duty, timely, and paid rest periods, or pay one hour of regular pay in lieu thereof, under Labor Code §§ 512, 1198, and 226.7, and Sections 11, 12(A), and 12(B) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable, including under paragraph 20 of the applicable IWC Wage Orders, and wages under Labor Code §§ 226.7, 512, 558, including sections 558(a)(1)-(3), 1199 and 2699(f)(2), and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

(c) Inaccurate Wage Statements and Failure to Maintain Records: For failure to provide Plaintiffs and Class Members with accurate, itemized wage statements and failure to maintain employment records for Plaintiffs and Class Members under Labor Code §§ 226, 1174, and 1198.5, and Sections 7(A), 7(B), and 7(C) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties and wages available and applicable under Labor Code §§ 226(e), 226.3, 558, 1174.5, 1199, 2699(f)(2), and paragraph 20 of the applicable IWC Wage Order, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1). More specifically, by providing inaccurate wage statements and failing to maintain records as required under Labor Code § 226(a), Defendants committed ongoing violations giving rise to civil penalties under Labor Code § 226.3, which in addition to other penalties provided by law, subjects Defendants to "a penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, …";

(d) Failure to Timely Pay Wages: For failure to timely pay all wages owed, including at least semi-monthly and upon separation or termination, under Labor Code §§ 201, 202, 203, 204, 226.2, 1197.5, 2926, and 2927 seeking all civil penalties available and applicable under Labor Code §§ 201, 202, 203, 210, 558, 1197, 1198, 1199 and 2699(f)(2), and paragraph 20 of the applicable

IWC Wage Orders, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

(e) All Alleged Violations of the IWC Wage Orders and Other Labor Code Sections: For any above addressed violation of the applicable provisions of the IWC Wage Orders, each of which constitute separate violations of Labor Code § 1198 and Labor Code § 2699.5, and seeking penalties available and applicable under Labor Code § 2699(f)(2) and paragraph 20 of the applicable IWC Wage Orders, and for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

130. As also addressed above, Plaintiffs, on behalf of the Class Members, also seeks the penalties and remedies set forth in Labor Code § 558, which states:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For any subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

(b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

(c) The penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

131. Plaintiffs have exhausted their administrative remedies by sending a certified letter to the LWDA and Defendants postmarked on **March 8, 2026,** addressing in detail the specific provisions of the Labor Code Defendants have violated and addressing the facts and legal theories

to support the alleged violations and requested penalties. The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the letter, and Plaintiffs adds this claim seeking penalties under the PAGA for the violations addressed herein and in the PAGA Notice Letter and the original Complaint.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for the following relief:

1. For an order certifying this action as a class action;

2. For compensatory damages in the amount of the unpaid minimum wages for work performed by Class Members and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3. For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4. For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5. For compensatory damages in the amount of the hourly wage made by Class Members for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6. For compensatory damages in the amount of the hourly wage made by Class Members for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7. For penalties pursuant to Labor Code § 226(e) for Class Members, as may be proven;

8. For penalties pursuant to Labor Code § 203 for all Class Members who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

9. For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 204, as may be proven;

10. For penalties pursuant to Labor Code §§ 226 and 1198.5, as may be proven;

11. For restitution and/or damages for all amounts unlawfully withheld from the wages

for all Class Members in violation of Labor Code § 2802, as may be proven;

12. For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq*., including disgorgement or profits, as may be proven;

13. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

14. For penalties pursuant to Labor Code § 2698 *et seq.,* as may be proven;

15. For other wages and penalties under the Labor Code as may be proven;

16. For all general, special, and incidental damages as may be proven;

17. For an award of pre-judgment and post-judgment interest;

18. For an award providing for the payment of the costs of this suit;

19. For an award of attorneys' fees; and

20. For such other and further relief as this Court may deem proper and just.

DATED: November 6, 2026

**D.LAW, INC.**

By: */s/ Andrea A. Amaya Silva*
Natalie Haritoonian
Andrea A. Amaya Silva
Attorneys for Plaintiff RICHARD ANTHONY YBARRA and ALLISON CASTRO, and all others similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial of their claims by jury to the extent authorized by law.

DATED: November 6, 2026

**D.LAW, INC.**

By: */s/ Andrea A. Amaya Silva*
Natalie Haritoonian
Andrea A. Amaya Silva
Attorneys for Plaintiff RICHARD ANTHONY YBARRA and ALLISON CASTRO, and all others similarly situated